# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| PAULA KEARNS | : CIVIL ACTION |
| --- | --- |
| v. | : |
|  | : NO. 14-4353 |
| BRISTOL TOWNSHIP | : |

## MEMORANDUM

KEARNEY, J.                                                                                              JUNE 10, 2015

A former employee alleging age discrimination caused her termination must show some evidence creating disputed issues of material fact as to whether her former employer's invidious discriminatory purpose more likely than not was a motivating or determinative cause of her termination. As Plaintiff attempts to do, the former employee can create issues of fact defeating summary judgment and proceed to trial if she shows her employer treated similarly situated but sufficiently younger "comparators" in a more favorable manner through less severe treatment for more egregious conduct.

We now address an age discrimination claim by a former Township Human Resources Manager, admittedly disagreeable with a new Township Administrator who terminated her for challenging his directions and hiring seasonal personnel without his approval. Although the new Administrator may not have liked her for some time and he allegedly stated that the new Township Board wanted to replace Plaintiff and all managers immediately, the Township did not terminate her until eighteen (18) months after the new Administrator began working and only after she hired seasonal "summer" workers and paid them without his approval.

A trained human resources professional, she elected here not to invalidate the facts underlying the Township's stated "failure of performance" reasons for her termination. Instead,

she attempts to prove the Township's reasons were pretext by citing to comparators hired by the new Township Administrator allegedly treated more favorably with less severe treatment for more egregious conduct.

Contrary to the Township's arguments, she states a *prima facie* case. But absent any challenge to the Township's stated reasons as being false, her reliance on the inapposite two comparators does not meet her burden of showing competent evidence that the Township's proffered reasons for firing her are merely pretext for discriminatory animus. We grant the Township's motion for summary judgment and dismiss Plaintiff's case.

## I. UNDISPUTED FACTS

Plaintiff Paula Kearns ("Kearns") is sixty-four years old. (ECF Doc. No. 22, Def.'s Statement of Undisputed Facts ("SOF"), ¶ 2.) Defendant Bristol Township ("Township") hired Kearns as its full-time Human Resources ("HR") Manager on November 16, 2010, serving under former Township Manager Jeff Bartlett ("Bartlett"). (*Id.* ¶¶ 3-4.)

In January 2012, a new Township administration removed Bartlett as Township Manager replacing him with William McCauley. (*Id.* at D-0010) Still the full-time HR Manager, Kearns became concerned with her job security when Defendant installed McCauley as Township Manager. (*Id.*) Most likely adding to these fears, McCauley told Kearns and all department heads the Township board had instructed him to terminate all current managers and start anew. (Def.'s SOF, ¶ 6.) However, McCauley delayed terminating any department heads until he had evaluated their work. (*Id.*)

From January 2012 until Kearns ultimately left the Township, she and McCauley disagreed regarding "procedures or how things should be run or what he wanted done compared to the way [Kearns] thought was the right way to do something." (Def.'s App., D-0027.) By

2

way of example, Kearns testified they disagreed about whether a new employee hired to televise the council meetings could be classified as an independent contractor. (*Id.* at D-0038-39.) Kearns compiled a memorandum detailing all the reasons why she felt the employee could not be classified as an independent contractor. (*Id.* at D-0039.) McCauley nevertheless directed Kearns to hire the person as an independent contractor. (*Id.*) Kearns characterized McCauley's direction as "illegal or otherwise improper." (ECF Doc. No. 25-2, Pl's Resp. to Def.'s SOF, ¶ 7.)

Township also claims Kearns failed to "follow a management directive" and perform background checks on the seasonal help. (*Id.* at ¶ 4.) Further, Kearns hired the seasonal employees without obtaining McCauley's approval beforehand. (*Id.*) Moreover, Kearns authorized payroll payments to these seasonal employees without obtaining McCauley's approval beforehand. (*Id.*) McCauley stated that he became dissatisfied with Kearns' work and ultimately chose to terminate her employment when she did not return to work after having an "outburst" directed towards McCauley. (Def.'s SOF, ¶¶ 11, 13.)

In June 2013, McCauley told to begin looking for a new job because she failed to perform the required background investigations on hired seasonal workers and then paid the seasonal workers without his approval. (Def.'s App., D-0022.) Kearns offered to leave at the meeting but McCauley would not accept her resignation. (*Id* at D-0096.) Kearns told McCauley he "does not ever thank anyone for doing a good job and that she has done everything he has asked of her, even if she does not agree with it." (*Id.*) Apparently, Kearns raised her voice during this episode. (*Id.* at D-0046.) A few days later, McCauley told Kearns her employment was over due to her "outburst" in the previous meeting. (*Id.* at D-0046.) McCauley gave Kearns the option to resign and receive certain benefits. (*Id.* at D-0096.) McCauley told Kearns to take

the Friday off and let him know Monday what she decided. (*Id.*) Kearns returned to the office on Monday and cleaned out her desk without speaking with McCauley. (*Id.* at D-0051.)

## II. ANALYSIS

Kearns pleads one cause of action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* The ADEA prohibits unlawful employment practices taken because of an employee's age. 29 U.S.C. § 623(a). "[A] plaintiff must show age discrimination was the 'but-for' cause of the adverse action" taken by the employer. *Kargbo v. Philadelphia Corp. for Aging*, 16 F. Supp. 3d 512, 521 (E.D. Pa. 2014) (quoting *Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167 (2009)). As Kearns provides no direct evidence of discrimination, the Court's analysis is governed by the familiar *McDonnell Douglas* burden-shifting analysis.[1] *Burton v. Teleflex, Inc.*, 707 F.3d 417, 425-26 (citing *Smith*, 589 F.3d at 691).

To establish a *prima facie* case, Kearns must demonstrate: "(1) she is forty years of age or older; (2) the defendant took an adverse employment action against her; (3) she was qualified for the position in question; and (4) she was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus." *Id.* at 426 (citation omitted). At summary judgment, "the evidence must be sufficient to convince a reasonable factfinder to find all of the elements of [the] *prima facie* case." *Duffy v. Paper Magic Grp.*, 265 F.3d 163, 167 (3d Cir. 2001) (internal quotations omitted) (emphasis added).[2]

---

[1] Township seemingly believes the *McDonnell Douglas* analysis is not applicable in light of the Supreme Court's ruling in *Gross*. (ECF Doc. No. 21, Def.'s Mem., 9.) Its position is inconsistent with Third Circuit precedent. In *Smith v City of Allentown*, our Court of Appeals found the "but for" language in *Gross* "does not conflict with our continued application of the *McDonnell Douglas* paradigm in age discrimination cases." 589 F.3d 684, 690-91 (3d Cir. 2009). Therefore, we analyze Kearns' ADEA claim under the *McDonnell Douglas* analysis.

[2] We "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

4

If a *prima facie* case is established, the burden of production then shifts to the employer to demonstrate a legitimate, non-discriminatory reason for the adverse action. *Burton*, 707 F.3d at 426 (citation omitted). An employer need not show the proffered reason " 'actually motivated the [action].' " *Shellenberger v. Summit Bancorp Inc.*, 318 F.3d 183, 189 (3d Cir. 2003) (quoting *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500). Rather, an employer meets this "relatively light" burden by "providing evidence, which, if true would permit the conclusion that it took the adverse employment action for a non-discriminatory reason." *Burton*, 707 F.3d at 426 (citations omitted).

The burden then shifts back to plaintiff to show the employer's stated reason was merely a pretext for age discrimination. *Id.* " '[T]he plaintiff can defeat a motion for summary judgment by providing evidence from which a factfinder could reasonably either (1) disbelieve the defendant's articulated legitimate reasons or (2) believe that an invidious discriminatory

---

"Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Williams v. Wells Fargo Bank*, No. 14-2345, 2015 WL 1573745, at *3 (E.D. Pa. Apr. 9, 2015) (quoting *Wright v. Corning*, 679 F.3d 101, 105 (3d Cir. 2012)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

Where the defendant is the moving party, the burden is on the defendant to show that the plaintiff has failed to establish one or more essential elements of her case. *Burton*, 707 F.3d 417, 425 (3d Cir. 2013) (citing *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). The court must consider the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.* (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). To defeat a motion for summary judgment, however, "'the non-moving party must present more than a mere scintilla of evidence; 'there must be evidence on which the jury could reasonably find for the [non-movant].'" *Burton*, 707 F.3d at 425 (quoting *Jakimas v. Hoffmann–La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007) (alteration in original)); *see also Anderson*, 477 U.S. at 252.

5

reason was more likely than not a motivating or determinative cause of the defendant's action.' " *Id.* at 427 (quoting *Fuentes v. Perksie*, 32 F.3d 759, 763 (3d Cir. 1994)).

### A. Kearns adduces sufficient evidence of a *prima facie* case.

Kearns alleges a *prima facie* case of age discrimination. Township does not challenge the first three elements: (1) Kearns is over forty; (2) Township took an adverse employment action against her; and (3) she was qualified for the position of HR Manager of Bristol Township.[3]

Township argues it did not replace Kearns with an employee "sufficiently younger to support an inference of discriminatory animus." Specifically, Township argues Mary Kate Murphy did not replace Kearns as HR Manager but rather served on an interim basis until it hired Tom Scott as Human Resources Manager in January 2014. (ECF Doc. No. 21, Def.'s Mem. in Supp. of Summ. J., 7-8.) When McCauley informed Kearns she should begin looking for a new job, he also requested she train Murphy to perform the duties of HR Manager. (App. D-0020.) While Kearns never actually provided Murphy with any instruction regarding the HR Manager's duties, Murphy nevertheless assumed these duties after Kearns' termination. (*Id.*; Def.'s SOF ¶ 19; Pl.'s SOF, ¶ 19.) Mary Kate Murphy is approximately thirty-nine years old. (ECF Doc. No. 25, Pl.'s Resp., 6.) Scott is forty-nine years old. (Def.'s SOF, ¶ 20.)

---

[3] Township has a difficult time classifying Kearns' departure. In many instances in its SOF and Motion, it refers to Kearns' leaving as a 'resignation.' (See ECF Doc. No. 22, Def.'s SOF ¶¶ 12, 15; ECF Doc. No. 21, Def.'s Mem., 4.) On the other hand, it also refers to Kearns' leaving as a 'termination.' (Def.'s SOF, ¶¶ 16, 18; Def.'s Mem., 3, 5-6) Township does not argue Kearns' departure should be classified as anything other than a termination and thus we will treat any argument to the contrary as abandoned and find it constitutes an adverse action in satisfaction of the third element. Construing the record in the light most favorable to the non-moving party, we find even if Kearns resigned she did so because McCauley "threatened [Kearns] with discharge." *Clowes v. Allegheny Valley Hospital*, 991 F.2d 1159, 1161 (3d Cir.1993) (discussing factors considered in constructive discharge); *see also Colwell v. Rite Aid Corp.*, 602 F.3d 495, 502–03 (3d Cir.2010) (same).

Township replaced Kearns with employees "sufficiently younger to support an inference of discriminatory animus." *Burton*, 707 F.3d at 426. When considering whether Township replaced Kearns with sufficiently younger employees, we are not "limited to considering only [Kearns'] final replacement." *Sempier v. Johnson & Higgins*, 45 F.3d 724, 730 (3d Cir. 1995). Rather, where a terminated employee's responsibilities are assumed by another employee, the court may consider the age of the temporary replacement in deciding whether the defendant replaced the employee with someone sufficiently younger. *Id.*; *see also Henry v. Acme*, No. 11-5505, 2014 WL 899069, *3 (E.D. Pa. Feb. 25, 2014) (finding ten-year age difference between "plaintiff and his immediate, albeit temporary, replacement" sufficient to satisfy fourth prong); *Green v. VF Jeanswear Ltd.*, 2011 WL 3667283, *2 (W.D. Pa. Aug. 22, 2011) (same).

Here, Murphy assumed at least a portion of the HR Manager duties and received a corresponding pay raise for doing so. (Pl.'s App., P-42.) Murphy is approximately thirty-nine years old and approximately twenty-three years younger than Kearns. This age difference states a *prima facie* case. *See Cridland v. Kmart Corp.*, 929 F. Supp. 2d 377, 386 (E.D. Pa. 2013) ("'[T]here is no particular age differen[ce] that must be shown, but . . . courts have held . . . that a five year difference can be sufficient [while] . . . a one year difference cannot.'" *Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 307 (3d Cir. 2004) (internal quotation omitted)). Moreover, Township hired Scott to ultimately replace Kearns in January 2014. Scott is forty-nine years old and approximately fourteen years younger than Kearns. [4] Scott is sufficiently younger than Kearns to establish a *prima facie* case and the combined differences in age between Kearns on

---

[4] Scott's membership in the protected class does not disqualify him from being a "sufficiently younger" replacement. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312-13, 116 S. Ct. 1307, 134 L. Ed. 2d 433 (1996) ("[The ADEA's] language does not ban discrimination against employees because they are aged 40 or older; it bans discrimination against employees because of their age, but limits the protected class to those are 40 or older.").

the one hand and Murphy and Scott on the other "is clearly sufficient to satisfy the fourth prong . . . ." *Sempier*, 45 F.3d at 730. Therefore, we find Kearns established a *prima facie* case of age discrimination.

## B. Township's legitimate non-discriminatory reasons for terminating Kearns' employment.

Since Kearns establishes a *prima facie* case, the burden of production shifts to Township to proffer some legitimate non-discriminatory reason for taking the adverse action against Kearns. *Burton*, 707 F.3d at 426 (citation omitted). "Once the plaintiff has established a *prima facie* case, the law creates a presumption of unlawful discrimination." *Prewitt v. Walgreens Co.*, No. 11-2393, 2015 WL 712787, *10 (E.D. Pa. Feb. 19, 2015) (citing *Barber v. CSX Distribs. Servs.*, 68 F.3d 694, 698 (3d Cir. 1995)). As noted, Township's burden at this stage is "relatively light." *Burton*, 707 F.3d at 426. If the employer meets this burden, the presumption is rebutted. *Prewitt*, 2015 WL 712787, at *10 (citing *Barber*, 68 F.3d at 698).

Township terminated Kearns' employment due to the many disagreements between Kearns and Township Manager McCauley. (Def.'s Mem. in Supp. of Summ. J., 4.) Kearns failed to "follow a management directive" and perform background checks on the seasonal help Township planned to hire. (*Id.*) Kearns hired the seasonal employees without obtaining McCauley's approval beforehand. (*Id.*) Kearns authorized payroll payments to these seasonal employees without obtaining McCauley's approval beforehand. (*Id.*) McCauley stated that he became dissatisfied with Kearns' work and ultimately chose to part ways with her when she did not return to work after having an "outburst" directed towards McCauley. (*Id.*) These proffered reasons for Kearns' termination satisfy Township's light burden.

8

## C. Kearns fails to show that Township's legitimate non-discriminatory reasons are pretextual.

Our Court of Appeals in *Fuentes* defines the standard for pretext: "the plaintiff can defeat a motion for summary judgment by providing evidence from which a factfinder could reasonably either (1) disbelieve the defendant's articulated legitimate reasons or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the defendant's action." *Fuentes*, 32 F.3d at 763. However, "the plaintiff cannot simply show that the defendant's decision was wrong or mistaken, because the factual dispute at issue is whether discriminatory animus motivated the defendant's actions." *Andy v. United Parcel Serv.*, No. 02-8231, 2003 WL 22697194, *2 (E.D. Pa. Oct. 24, 2003) (citing *Fuentes*, 32 F.3d at 765). "Plaintiff shoulders the ultimate burden of persuasion to show but-for causation." *Emmett v. Kwik Lok Corp.*, No. 11-528, 2012 WL 4009721, *8 (E.D. Pa. Sept. 11, 2012) (citing *Smith*, 589 F.3d at 690-91.)

To satisfy *Fuentes*' second prong, Kearns can show "the employer has treated more favorably similarly situated persons not within the plaintiff's protected class." *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 645 (3d Cir. 1998) (citing *Fuentes*, 32 F.3d at 765). "While similarly situated does not mean identically situated, the plaintiff must nevertheless be similar in all relevant respects." *Opsatnik v. Norfolk Southern Corp.*, 335 F. App'x 220, 222-23 (3d Cir. 2009) (internal quotations omitted).

Determining whether comparators are proper is fact intensive and relevant factors include whether "the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Id.* at 223 (internal quotations omitted) (citations omitted). The evidence of treatment towards younger employees

9

"cannot be viewed in a vacuum" and "a decision adversely affecting an older employee does not become a discriminatory decision merely because one younger employee is treated differently." *Simpson*, 142 F.3d at 645-46. The Court must ultimately decide "whether the decision was motivated by the affected employee's age." *Id.* at 646.

Kearns does not directly challenge the Township's proffered reasons. Instead, Kearns points to two "similarly situated" younger employees to prove pretext: Scott Swichar and Keith Truman.[5] Kearns argues these employees engaged in more egregious conduct and were treated more favorably. However, we find using employees Swichar and Truman as comparators is insufficient to show Township's proffered reasons are merely pretext for age discrimination.

Township employs Swichar as a project manager and operations analyst and Swichar reports directly to McCauley just as Kearns did. (ECF Doc. No. 25-9, Pl's App'x, P-22;Def.'s App., D-106.) Kearns testified Swichar disabled the internet connection at his personal residence and instead used his work phone as a "hot-spot" enabling him to connect to the internet. (Def.'s App., D-0061.) This action allegedly caused Township to incur an overage charge on its phone

---

[5] After both parties had briefed summary judgment, this Court granted Kearns leave to file a sur-reply in which she argues Township judicially admitted it "unlawfully and pretextually terminated [Kearns] because of her age." (ECF Doc. No. 41, PL.'s Sur Reply, 2-3.) When Kearns brought this admission to light, Township moved to amend its Answer arguing that it made a "typographical error." (ECF Doc. No. 34, Def.'s Mot. for Leave to Amend, 3-4.) We granted Township's motion to amend and it filed an Amended Answer. ( ECF Doc. Nos. 42, 43)

Kearns now urges us to consider Township's judicial admission as binding and deny summary judgment. It is well settled that judicial admissions are binding on the party asserting them. *See, e.g. Glick v. White Motor Co.*, 458 F.2d 1287, 1291 (3d Cir. 1972). However, our Court of Appeals, along with several other circuit courts, holds "judicial admissions may be withdrawn by amendment." *West Run Student Hous. v. Huntington Nat. Bank*, 712 F.3d 165 (3d Cir. 2013); *see also Schomburg v Dow Jones & Co.*, 504 F. App'x 100, 104 (3d Cir. 2012). "When they have been superseded by amendment, admissions in earlier pleadings may still have evidentiary value, but they are no longer binding." *Sunlight Elec. Co. v. Turchi*, 918 F. Supp. 2d 392, 396 n.3 (E.D. Pa. 2013). While Kearns may present Township's prior typographical error "judicial admission" as evidence, we find any evidential value is rebutted as a matter of law by Kearns' failure to show Township's proffered reasons were merely pretext.

bill paid by Defendant. (*Id.*) Kearns further testified McCauley did not discipline Swichar but only yelled at him in McCauley's office. (*Id.*) Kearns also attempts to use Truman as a comparator to show Township treated younger employees more favorably. Township employed Truman as a project manager and operations analyst. (*Id.* at D-107.) Truman failed two drug screenings and McCauley eventually forced him to resign after appearing for work under the influence of alcohol. (*Id.*)

Township challenges these comparators observing Kearns stated in her EEOC questionnaire that McCauley did not discipline Swichar or Truman because McCauley gave them their jobs whereas the previous Township manager hired Kearns. (*Id.* at D-109.) Kearns confirmed this belief by testifying McCauley had a "loyalty to the[] people that he had given a job to[.]" (*Id.* at D-0060.) Further, Township argues Kearns admitted, in addition to having loyalty to those who he had given jobs, McCauley did not like Kearns and did not like when she "informed him of practices that he wanted done which were not proper." (*Id.* at D-0060, D-109.)

We find Kearns fails to show the comparators Swichar and Truman are similarly situated "in all relevant respects." *Wilcher v. Postmaster Gen.*, 441 F. App'x 879, 882 (3d Cir. 2011). Swichar is not similar to Kearns. Incurring overage charges on a Township mobile device is not comparable to hiring employees without approval from your supervisor or paying temporary employees without approval from your supervisor. The potential liability attendant to hiring employees alone dwarfs the limited dollar liability in "overage" mobile device charges. Hiring personnel without approval creates third party risk. Overage charges require paying a limited bill and then possibly seeking indemnity from the offending employee. Swichar's mobile device misconduct results in him being a dissimilarly situated employee whom Kearns cannot use to

11

cast doubt on Township's proffered legitimate non-discriminatory reasons for terminating Kearns' employment. *Simpson*, 142 F.3d at 646-47.

Truman's conduct also renders him an inadequate comparator for Kearns' purposes. Truman failed two drug screenings before appearing at work under the influence of alcohol. McCauley forced him to resign instead of being terminated, which is the same fate Kearns met when McCauley called her into his office in June 2013. Again, failing drug screen tests is not comparable conduct to Kearns' conduct.[6] *See Wilcher v. Potter*, No. 08-2723, 2010 WL 2545963, *5 (D.N.J. June 18, 2010) (refusing to compare employee who drank on the job with one who committed time card fraud), *aff'd, Wilcher*, 441 F. App'x 879. Accordingly, Kearns fails to meet her "burden of demonstrating that similarly situated persons were treated differently." *Simpson*, 142 F.3d at 645 (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 258 (1981)). The evidence of similarly situated employees being treated more favorably cannot be "viewed in a vacuum" and given the heightened level of specificity needed at the pretext stage, we cannot find Kearns' comparators create a genuine issue of material fact precluding summary judgment.

Besides these comparators, Kearns offers no other evidence from which "a factfinder could reasonably . . . believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes*, 32 F.3d at 76. In her deposition, Kearns testified McCauley had never mentioned her age in any of the disagreements

---

[6] Truman was a TWU employee when he failed the two drug screens and the Union grieved on his behalf. (*See* Def.'s App., D-0057) Truman's status as a union member adds additional credence to the fact he was not similarly situated as Kearns at the time he failed the drug screens. Further, after failing these two drug screens, Township laid off Truman who was subsequently rehired and promoted by McCauley. (*Id.* at D-0031-32.) Approximately five months after his re-hiring, McCauley forced Truman to resign for appearing for work under the influence of alcohol. (*Id.* at D-0034, D-107.) Thus, Truman met with the same fate as Kearns when McCauley gave him the opportunity to resign or be fired.

12

they had over implementing Township procedures. (Def.'s App., D-0028.) Further, she could not answer whether she felt that any of the actions taken by McCauley against her were because of her age. (*Id.*) Moreover, Kearns testified to and confirmed her statements to the EEOC that she felt she was fired because McCauley did not like her and McCauley had more "loyalty" to those whom he hired. (*Id.* at D-0060.) The burden of persuasion is at all times on the plaintiff. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000) (citing *Burdine*, 450 U.S. at 253.). Even drawing all inferences in favor of Kearns, we find she failed to show Township's proffered reasons are pretext and her age was the but-for cause of her termination.

## III. CONCLUSION

Kearns establishes a *prima facie* case of age discrimination. As she relies solely in inapposite comparators and an alleged judicial admission in an Answer, she does not show Township's proffered reasons for terminating her employment were pretext for discrimination on account of her age. As such, there are no genuine issues of material fact precluding summary judgment in Township's favor.